SHIKUN LU; Yujing Fu, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70426.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Derek D. Lim, Law Offices of Derek D. Lim, Fremont, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Shahira M. Tadross, Michelle G. Latour, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Rosetta L. San Nicolas, U.S. Attorney's Office, Agana, GU, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Shikun Lu and her husband, natives and citizens of China, petition for review of a Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where it is unclear whether the BIA conducted a *de novo* review, the court will "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

The agency denied Lu's asylum claim as time-barred. Lu does not challenge this finding in her opening brief.

Substantial evidence supports the agency's denial of withholding of removal because Lu failed to establish past perse-

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003), and that it was more likely than not she would be persecuted if returned to China. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003).

█ Substantial evidence also supports the agency's denial of CAT relief because Lu did not show it is more likely than not that she will be tortured if returned to China. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122–23 (9th Cir.2004). In addition, we reject Lu's contention that the IJ failed to discuss country conditions evidence when denying CAT relief, because the IJ specifically referenced the record in concluding Lu had not met her burden. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**